IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LOUIS MIRANDA,

    Petitioner,                    No. CIV S-06-0333 MCE DAD P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision by California Governor Arnold Schwarzenegger to reverse the Board of Prison Terms' 2005 finding that petitioner was suitable for parole. Before the court is respondents' motion to dismiss the amended petition on the ground that petitioner failed to exhaust his federal constitutional claims by fairly presenting them first to the California Supreme Court.

PROCEDURAL HISTORY

        On April 27, 2005, the Board of Prison Terms (BPT), conducted a parole hearing and determined that petitioner was suitable for parole. (Am. Pet., Ex. BPT Parole Consideration Proposed Decision.) On September 15, 2005, Governor Schwarzenegger reversed the Board's

/////

1  decision to grant petitioner parole. (Id. at 36-38[1], Ex. Indeterminate Sentence Parole Release
2  Review.)

3  By order filed January 9, 2006, the San Francisco County Superior Court denied
4  petitioner's habeas petition challenging the Governor's decision. (Am. Pet. at 45-48, Ex. Order,
5  filed by San Francisco County Superior Court, dated Jan. 5, 2006.) On March 14, 2006, the
6  California Court of Appeal for the First Appellate District denied petitioner's habeas petition
7  challenging the Governor's decision. (Id. at 59, Ex. Order California Court of Appeal, dated
8  Mar. 14, 2006.) On March 28, 2006, the California Supreme Court received a petition in which
9  petitioner presented the same claims that he raised in his two previous state habeas petitions. (Id.
10 at 14, Ex. Letter dated Mar. 28, 2006 from the Supreme Court of California.) On the face page
11 petitioner had labeled his submission as a "Petition for Review." (Id. at 18-19.) Although
12 petitioner had typed in Petition for Review at the bottom of each page of the document, it was
13 submitted on the California Judicial Counsel form for those seeking habeas relief and the pre-
14 printed form was labeled as a "Petition for Writ of Habeas Corpus" at the bottom of each page.
15 (Id. at 19-21, 29, 33, 49 & 57.) Most importantly, in the document submitted to the California
16 Supreme Court petitioner contended in his first ground for relief that "he is entitled to **habeas**
17 **corpus review and relief**[.]" (Id. at 21) (emphasis added).

18 Nonetheless, a Deputy Clerk of the Supreme Court sent petitioner a letter on that
19 same day advising him that his petition for review was untimely because the last day for its filing
20 was March 24, 2006, ten days after the Court of Appeals filed an order denying his writ. (Id. at
21 14.) Petitioner was instructed by the Deputy Clerk to submit an "Application for Relief from
22 Default" and advised that the court would lose jurisdiction to consider or grant any relief from
23 default after April 13, 2006. (Id.) Petitioner timely responded in a letter dated April 5, 2006.
24 (Id. at 16, Ex. Letter to Jorge Navarrete, Supervising Clerk, State Supreme Court, dated Apr. 5,

---

[1] All page numbers referring to the amended petition before the court will be to the page numbers reflected in the court's CM/ECF file and as if they had been consecutively numbered.

2006.) However, instead of filing an application for relief from default, petitioner advised the Clerk of the California Supreme Court that his petition for review was in fact timely filed pursuant to the mailbox rule recognized in <u>Houston v. Lack</u>, 487 U.S. 266 (1988) and requested that the Clerk file the petition. (<u>Id</u>.) Therein, petitioner explained that he had delivered his signed petition to prison authorities for mailing on March 23, 2006, a mere nine days after the California Court of Appeal had issued its order denying him relief.[2] (<u>Id</u>.) Instead of filing the petition as requested, on April 18, 2006, the California Supreme Court returned the unfiled petition which had been received on March 28, 2006. (<u>Id.</u> at 17, Ex. Letter dated Apr. 18, 2006 from Supreme Court of California.) In the accompanying letter a Deputy Clerk explained that the unfiled petition for review was being returned to petitioner because he had failed to submit an Application for Relief from Default prior to April 13, 2006 as instructed and as a result the court had lost jurisdiction to consider his petition or to grant him relief of any nature. (<u>Id</u>.)

   On February 16, 2006, petitioner filed his petition for writ of habeas corpus in this court. On May 2, 2006, petitioner filed his amended petition which is the operative pleading before this court.

## ANALYSIS

I. <u>Arguments of the Parties</u>

   Respondents argue that petitioner failed to fairly present his federal constitutional claims to the California Supreme Court. (Mot. to Dismiss at 4.) Although petitioner attempted to file a petition with the California Supreme Court, respondents argue that petitioner's federal claims are unexhausted because the California Supreme Court did not file the petition but instead rejected it as procedurally defective and returned it to petitioner. (<u>Id</u>.) Respondents contend that petitioner can still file a habeas petition with the California Supreme Court seeking relief and,

---

[2] It would appear likely that petitioner did not actually receive the Court of Appeal's order until March 19, 2006 or later and that his filing of his next petition in the California Supreme Court was most certainly prompt even if titled in error.

since those remedies in state court are still available to him, petitioner's federal claims are unexhausted.[3]  (Id. at 5.)

In response, petitioner argues that his petition for review was timely filed with the California Supreme Court based on the mailbox rule set forth in Houston v. Lack, 487 U.S. 266 (1988) and Labounty v. Adler, 933 F.2d 121 (2nd Cir. 1991).[4]  (Opp'n at 2.)  Petitioner points out that according to the letter sent to him from the Clerk of the California Supreme Court, the deadline for filing his petition for review was March 24, 2006.  (Id. at 14, Attach. Letter from Supreme Court of California, dated Mar. 28, 2006.)  Petitioner contends that his petition for review by the California Supreme Court was timely filed because he signed it on March 23, 2006 and delivered it to prison authorities for mailing to the court on March 24, 2006.  (Id. at 16, Attach. Letter to Jorge Navarrete, Supervising Clerk, State Supreme Court, dated Apr. 5, 2006.)  Petitioner argues that he brought the timely mailing to the attention of the Clerk of the Court in his letter dated April 5, 2006.  (Id.)  Under these circumstances, petitioner argues that he "made the appropriate effort to file" his petition for review by the deadline.  (Id. at 2-3.)  Moreover, petitioner contends that by timely filing his petition with the California Supreme Court and then promptly responding by letter to explain the timeliness of that filing, he provided the state high court two opportunities to review his federal constitutional claims and has thus exhausted state court remedies.  The undersigned agrees.

---

[3] In suggesting this course of action respondent does not offer to waive any statute of limitations or procedural defenses should petitioner return to this court with these claims following a denial of habeas relief by the California Supreme Court.

[4] In LaBounty v. Adler, 933 F.2d 121 (2nd Cir. 1991), the plaintiff prisoner had brought a civil rights action alleging discrimination with respect to his work assignment.  The court in that case acknowledged that pro se pleadings should be liberally construed.  Id. at 122.  The court noted that the Second Circuit had at that time "generally been flexible with time requirements and defaults where a *pro se* litigant is concerned."  Id.  Citing the decision in Houston v. Lack, 487 U.S. 266 (1988), the court also observed, "[i]ncarcerated *pro se* litigants, since they cannot avail themselves of the freedom of other litigants, may 'file' a notice of appeal simply by delivering it to prison authorities for mailing, rather than by actually filing it with the clerk of court as is generally required."  Id.

## II. Discussion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."); Picard v. Connor, 404 U.S. 270, 276 (1971) (emphasizing that in order for the federal claim to be fairly presented to the state courts, the state prisoner must present the state court with the same claim he urges upon the federal courts); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986) (holding that the exhaustion requirement is satisfied as to a particular claim, if the claim is fairly presented to the state's highest court, even though the state court did not reach the merits of that claim). Accordingly, "a prisoner challenging a parole decision is first eligible to file a federal habeas petition only after state habeas proceedings are complete." Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).

It is true that petitioner somewhat stubbornly labeled his petition filed with the California Supreme Court, in which he challenged on constitutional grounds the Governor's decision reversing the grant of parole in his case, as a Petition for Review. He did so on the face page attached to the front of the form petition and again at the bottom of each page where he typed in the words "Petition for Review." However, the petition he filed with the California Supreme Court was submitted on the California Judicial Counsel form Petition for Writ of Habeas Corpus and those words appear at the bottom of each page of the form petition filed with the California Supreme Court. In every material respect the document filed with the state high court was a habeas petition in which petitioner argued he was entitled to habeas review and relief
/////

from the Governor's decision. The only indication that the filing was anything else was the label that petitioner erroneously affixed to the document.

The title petitioner gave to his filing was in error because under California law a prisoner cannot appeal from the denial of his petition for writ of habeas corpus.[5] Rather, his remedy lies in filing a petition for writ of habeas corpus to the higher court. In re Crow, 4 Cal. 3d 613, 621 (1971); Loustalot v. Superior Court, 30 Cal. 2d 905, 913 (1947); see also Gardner v. California, 393 U.S. 367, 368 (1969); Evans v. Chavis, 546 U.S. 189, ___, 126 S. Ct. 846, 849 (2006) ("In California, a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'") Thus, the only document petitioner could file with the California Supreme Court seeking review of the denial of his habeas petition by the California Court of Appeal was a petition for writ of habeas corpus. That was clearly what he was attempting to do. Had the Clerk of the California Supreme Court construed petitioner's filing that was submitted on the California Judicial Counsel form for a habeas petition as such, the timeliness of the filing would not have been an issue at all.[6]

As noted above, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). This so-called "exhaustion requirement" is intended to afford "the state courts a meaningful opportunity to

---

[5] Under California law, only the State has the right to appeal a lower court's granting of a habeas petition to the next highest court. In re Crow, 4 Cal. 3d 613, 621 (1971).

[6] The court notes that if the timeliness of the filing was at issue, which it should not have been for the reasons set forth above, it appears that petitioner was correct in his position regarding the proper application of the mailbox rule. See In re Jordan, 4 Cal. 4th 116, 130 (1992) ("We therefore hold that a prisoner's notice of appeal is deemed to have been filed in the office of the appropriate county clerk on the date, within the filing period prescribed by rule 31(a), on which it was delivered to the prison authorities."); Moore v. Twomey, 120 Cal. App. 4th 910, 912 (2004) (recognizing that in In re Jordan the California Supreme Court adopted the holding and reasoning of the United States Supreme Court in Houston); see also Insyxiengmay v. Morgan, 403 F.3d 657, 666 (9th Cir. 2005) (noted that by the year 2000 many states, including California, followed the federal lead by applying the mailbox rule announced in Houston).

consider allegations of legal error" before a federal habeas court may review a prisoner's claims. Farmer v. Baldwin,___F.3d___, 2007 WL 2317634, *2 (9th Cir. Aug. 15, 2007) (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).  To provide the State that opportunity the prisoner must "fairly present" his claim to the state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365).  Here petitioner complied with these requirements.

It appears to the undersigned that the Deputy Clerk of the California Supreme Court erred both in failing to construe the petition as a petition for writ habeas corpus and, even if it were erroneously filed as a petition for review, by failing to apply the mailbox rule recognized under California law thus rendering the petition timely.  See Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (in the AEDPA statute of limitations context, finding that a clerk's office error in rejecting a habeas petition for filing could not be held against the petitioner).  In any event, it is clear under these unusual and unfortunate circumstances that petitioner fairly presented his constitutional claims to the state's highest court even though, due to the Deputy Clerk's actions, the state court elected not to reach the merits of those claims.  Nonetheless, the California courts were given a full opportunity to resolve the constitutional issues presented by petitioner.  Therefore, the exhaustion requirement has been satisfied.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondents' motion to dismiss, filed on November 20, 2006, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within five days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: August 29, 2007.

　　　　　　　　　　　　　　　　　　　　　　/s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　DALE A. DROZD
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DAD:4
mira0333.2.mtd